APPEAL OF RISDON TOOL & MACHINE CO.

Docket No. 6474.   Decided November 16, 1926.

> Where corporations are affiliated during the taxable year, but were not affiliated during the prewar years, the prewar invested capital is the aggregate of the average invested capital of the separate corporations.

*Sanford Robinson, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income tax for 1918 in the amount of $19,489.05. The question involved is the correctness of the method used by the Commissioner in determining the prewar invested capital of corporations which were affiliated in the taxable year but not in the prewar period. The taxpayer contends that the prewar invested capital should consist of the invested capital of the parent company alone, and that the Commissioner should find an increase of $84,864.57 between the two periods instead of a decrease of $283,481.49.

FINDINGS OF FACT.

The taxpayer is a Connecticut corporation with its principal office at Naugatuck. On or about August 16, 1918, it purchased the entire

outstanding capital stock of the Novelty Manufacturing Co., a Connecticut corporation, for cash. Both corporations were in existence during the prewar period.

In computing the consolidated invested capital for 1918, the Commissioner eliminated all of the capital and surplus of the subsidiary corporation and valued the assets of the subsidiary at the cost of acquisition to the taxpayer. The two corporations were not affiliated during the prewar period. The Commissioner in computing the invested capital for the prewar period took the aggregate of the average invested capital of the two corporations for that period. On this basis the invested capital for the prewar period was determined to be $397,268.41, and the invested capital for 1918 to be $113,-786.92, resulting in a decrease of $283,481.49.

It was stipulated that " the average invested capital of the Risdon Tool & Machine Co. for the prewar period with the average invested capital of the subsidiary eliminated was $28,922.35. The capital and surplus of said subsidiary for the taxable year amounted to $483,260.48. The average invested capital of said subsidiary for the prewar period was $368,346.06."

## OPINION.

TRAMMELL: The only question we are called upon to decide is how to compute, for the purposes of the war-profits credit provided by section 311 of the Revenue Act of 1918, the average prewar invested capital of a consolidated group, where one corporation owns or controls the stock of another, and the members thereof were not affiliated during the prewar period. The Commissioner has determined the average prewar invested capital to be the aggregate of the average invested capital of the separate companies for the prewar period. This is in accordance with article 869 of Regulations 45, which reads as follows:

The invested capital of affiliated corporations for the prewar period shall be computed on the same basis as the invested capital for the taxable year, except that where any one or more of the corporations included in the consolidation for the taxable year were in existence during the prewar period, but were not then affiliated as herein defined, then the average consolidated invested capital for the prewar period shall be the average invested capital of the corporations which were affiliated in the prewar period plus the aggregate of the average invested capital for each of the several corporations which were not affiliated during the prewar period.

The taxpayer contends that, since the Commissioner has eliminated from the consolidated invested capital of the taxable year the capital and surplus of the subsidiary, he should likewise eliminate from the aggregate of the average invested capital of the separate

companies, for the prewar period, the average capital and surplus of the subsidiary for that period. It relies upon the provisions of the last paragraph of section 330 of the Revenue Act of 1918, which are as follows:

If any asset of the trade or business in existence during both the taxable year and any prewar year is included in the invested capital for the taxable year but is not included in the invested capital for such prewar year, or is valued on a different basis in computing the invested capital for the taxable year and such prewar year, respectively, then under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary such readjustments shall be made as are necessary to place the computation of the invested capital for such prewar year on the basis employed in determining the invested capital for the taxable year.

The taxpayer further cites in support of its contention article 934 of Regulations 45, which provides as follows:

In any case in which as a result of a reorganization or for any other reason any asset in existence both during the taxable year and any prewar year is included in computing the invested capital for the taxable year, but is not included in computing the invested capital for such prewar year, or is valued on a different basis in computing the invested capital for the two years, the difference resulting therefrom shall not be included in determining the difference 10 per cent of which is added to or deducted from the war profits credit under section 311 (a) (2) of the statute.

We do not think that the provisions of the statute or of the regulations upon which the taxpayer relies are applicable to the question under consideration. Those provisions merely prescribe the rule to be followed where assets, which were owned by the business during the taxable year and any prewar year, are included in invested capital for the taxable year but are not included in the invested capital of the prewar year, or are valued on a different basis in computing the invested capital for the two years. It has not been shown, and as a matter of fact the taxpayer apparently does not contend, that any assets have been included by the Commissioner in the consolidated invested capital for the taxable year which are not reflected in the aggregate of the average invested capital of the separate companies for the prewar period. Nor has the taxpayer shown that the Commissioner's computation of invested capital for the taxable year includes any asset which has been valued upon a basis different from that employed in computing the invested capital for the prewar period.

The provisions of section 330 of the statute, which are pertinent to the question, are as follows:

That in the case of the reorganization, consolidation, or change of ownership after January 1, 1911, of a trade or business now carried on by a corporation, the corporation shall for the purposes of this title be deemed to have been in existence prior to that date, and the net income and invested capital of such

predecessor trade or business for all or any part of the prewar period prior to the organization of the corporation now carrying on such trade or business shall be deemed to have been the net income and invested capital of such corporation.

There can be no question but that the business carried on by the consolidation during the taxable year under consideration was the same business which was carried on by the separate companies during the prewar period. Hence, under the foregoing provisions of section 330, the prewar net income and invested capital of the separate companies, now members of the affiliated group, must be deemed to have been the prewar net income and invested capital of the consolidation, and the war-profits credit provided for by section 311 of the Revenue Act must be determined on the basis of such a prewar history. What constitutes the prewar invested capital of a group of corporations affiliated by virtue of the fact that one corporation owns or controls the stock of the other or others? Is it the aggregate of the average prewar invested capital of the separate companies; or is it something less, as the taxpayer contends? The taxpayer suggests that, since the Commissioner has eliminated the capital and surplus of the subsidiary from the consolidated invested capital for the taxable year, a similar elimination should be made in computing the prewar invested capital. But we know of no authority which will support that view. We realize that under certain circumstances the invested capital of such a consolidation may be materially less than the aggregate of the average invested capital of the separate companies for the prewar period; and that the reduction may have been brought about solely through the investment made by the parent company in its subsidiary's capital stock. In fact, such is the case in the instant appeal. During the prewar years the separate companies had invested an average of $397,268.41, while during the taxable year, as a result of the consolidation, the invested capital was only $113,796.92. But is this not the result of the working out of the theories underlying the requirement of consolidated returns in the case of corporations which are deemed to be affiliated under the provisions of section 240 of the statute? Those theories contemplate that the members of the affiliated group shall be treated as a single business enterprise, and when the capital stock of one of the group has been taken from the hands of the public and ownership thereof vests thereafter in another member of the group, that stock, so far as the consolidation is concerned, is, in effect, no longer outstanding, since it is held entirely within the group and its acquisition for cash by the parent company adds nothing to the consolidated group. The invested capital, then, of the group is less than the combined invested capital of the separate companies.

In our opinion the principle set out in article 869 of Regulations 45 is a proper interpretation of the statute. Since that rule has been applied by the Commissioner in this case in the determination of the consolidated invested capital for the prewar period, we must affirm his determination.

*Judgment will be entered on 15 days' notice, under Rule 50.*